IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MAGANA, ) | No. C 05-3623 MMC (PR) |
|     Petitioner, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| A.P. KANE, ) | |
|     Respondent. ) | |
| _____ ) | |

    On September 9, 2005, petitioner, a California prisoner then incarcerated at the Correctional Training Facility at Soledad ("CTF-Soledad") and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2005 decision by the Board of Prison Terms finding petitioner unsuitable for parole. On February 3, 2006, the Court granted respondent's motion to dismiss the petition as unexhausted and directed petitioner to file an amended petition. On March 9, 2006, petitioner filed an amended petition, and, on May 9, 2006, the Court ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claims. On July 10, 2006, respondent filed an answer to the petition. Petitioner did not file a traverse to the answer, although he was expressly granted the opportunity to do so in the order to show cause.

    On December 3, 2007, the Court directed petitioner to inform the Court as to whether he was still incarcerated at CTF-Soledad; in so doing, the Court explained:

> Petitioner has not communicated with the Court since he filed his amended petition on March 9, 2006, approximately twenty-one months ago. Recently, the Court was apprised that petitioner was released on parole in

> January 2007. However, mail sent by the Clerk of the Court to petitioner at CTF-Soledad in May 2007 was not returned to the Clerk as not deliverable. Accordingly, it is unclear whether petitioner has been released on parole or still is incarcerated at CTF-Soledad.
>
> Pursuant to the Civil Local Rules of this district, "a party proceeding *pro se* whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." See Civ. L. R. 3-11(a). Where mail directed to such party "has been returned to the Court as not deliverable" and "the Court fails to receive within 60 days of this return a written communication from . . . the *pro se* party indicating a current address," the Court "may dismiss the complaint without prejudice." See Civ. L.R. 3-11(b).
>
> In order to ascertain whether petitioner still is incarcerated at CTF-Soledad, the Clerk shall send this order to petitioner at CTF-Soledad. If petitioner is incarcerated at CTF-Soledad, he shall so notify the Court within thirty days of the date this order is filed. Alternatively, if the order is returned to the Court as not deliverable, and the Court fails to receive within sixty days of the return a written communication from petitioner indicating a current address, the petition will be dismissed without prejudice under Local Rule 3-11.

(Order, filed Dec. 3, 2007, at 1-2.)

Subsequent to the Court's issuance of said order, petitioner did not notify the Court that he still is incarcerated at CTF-Soledad, nor did CTF-Soledad return petitioner's mail to the Court as not deliverable. Accordingly, by order filed May 1, 2008, the Court determined the action was subject to dismissal for failure to prosecute, noting:

> In its original Order to Show Cause issued in this matter on October 28, 2005, the Court informed petitioner of his continuing obligation to prosecute this action, as follows:
>
>> It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
>
> (Order, filed Oct. 28, 2005, at 3.)
>
> As of today's date, more than two years have passed since petitioner last communicated with the Court. Further, petitioner has not responded to the last two orders mailed to him by the Court at his most recent address of record (CTF-Soledad), and the Court has been apprised that petitioner was released on parole more than one year ago. Consequently, it appears that petitioner has not kept the Court informed of his current address and that the action is thus subject to dismissal for failure to prosecute.

(Order, filed May 1, 2008, at 2-3.)

Rather than dismissing the action, however, the Court, in an abundance of caution and in light of petitioner's pro se status, further determined therein to make one last effort to ascertain whether petitioner remains incarcerated at CTF-Soledad. (See id. at 3.) Consequently, the Court directed both respondent and petitioner to inform the Court of petitioner's whereabouts, and to do so within twenty days of the date of the Court's order. (See id.) In so ruling, the Court advised the parties that if respondent notified the Court that petitioner no longer is incarcerated at CTF-Soledad, the action would be dismissed for failure to prosecute, based on petitioner's failure to keep the Court informed of his current address; the Court further informed the parties that if petitioner still is incarcerated at CTF-Soledad and failed to so notify the Court within the twenty-day period provided, the action would be dismissed for failure to prosecute, on the alternative ground that petitioner had failed to comply with the Court's orders. (See id.)

On May 20, 2008, respondent filed a response to the Court's order; in said response, respondent states that petitioner was paroled on January 29, 2007 and no longer is incarcerated at CTF-Soledad. Petitioner has not responded to the Court's order.

Accordingly, the action is hereby DISMISSED for failure to prosecute.[1]

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: May 27, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] In light of the dismissal for failure to prosecute, the Court does not address herein respondent's additional argument that the petition should be dismissed as moot.

3